IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE RODRIQUEZ COLEMAN #213677, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 2:20-cv-570-RAH-SMD [WO] |
| MONICA MCCOY, *et al.*, | ) ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Ronnie Rodriquez Coleman, an inmate formerly confined at the Easterling Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). On August 13, 2020, the Court ordered Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." (Doc. 4) p. 2. The Court cautioned Plaintiff that failure to provide a correct address to this Court within ten days after any change of address would result in the dismissal of this action. *Id.* at 2–3.

On February 8, 2021, the Court learned that Plaintiff no longer resides at the Easterling Correctional Facility. (Doc. 17) p. 1. Accordingly, the Court ordered Plaintiff to show cause, by March 1, 2021, why this case should not be dismissed for failure to prosecute. *Id.* The Court warned Plaintiff that failure to respond would result in a recommendation that this case be dismissed. *Id.* To date, Plaintiff has failed to provide a correct address to this Court or respond to the Court's show cause order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to provide a correct address to this Court and respond to the Court's show cause order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. It is further ORDERED that the parties shall file any objections to this recommendation on or before **May 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE